# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MICHIGAN

**FILED - GR**
December 16, 2025 3:28 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW  12-16

1:25-cv-1807
**Paul L. Maloney**
**United States District Judge**

\*\*Kevin Bowman Jr \*\*,
Plaintiff,

v.

**KENT COUNTY, KENT COUNTY SHERIFF, KENT COUNTY JAIL ADMINISTRATOR**, and **JOHN/JANE DOES 1–10**, in their individual and official capacities,
Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

(42 U.S.C. § 1983 – Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourth, Sixth, and Fourteenth Amendments, and 42 U.S.C. § 1983.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Kent County, Michigan.

## II. PARTIES

1. Plaintiff \*\*Kevin Bowman Jr \*\*is a resident of Michigan.
2. Defendant **Kent County** is a municipal entity responsible for the operation of the Kent County Jail and the policies governing pretrial detention.
3. Defendant **Kent County Sheriff** is responsible for custody and detention of pretrial detainees.
4. Defendant **Kent County Jail Administrator** oversees jail operations and detainee intake and release.
5. Defendants **John/Jane Does 1–10** are unknown county officials responsible for Plaintiff's unlawful detention.

## III. FACTUAL ALLEGATIONS

1. On July 6, 2022, Plaintiff was arrested in Kent County, Michigan.
2. Plaintiff was originally charged with Assault With Intent to Do Great Bodily Harm.
3. A preliminary examination was conducted, and on October 3, 2022, Plaintiff was bound over to the Kent County 17th Circuit Court.
4. At the preliminary examination, Plaintiff's appointed attorney, **Denise Buswa (P82040)**, made an oral motion to withdraw due to a conflict of interest.
5. Plaintiff agreed to the withdrawal and requested substitute counsel.
6. The presiding judge denied the motion and forced conflicted counsel to continue representation through the preliminary examination.
7. Plaintiff was advised he could substitute counsel later, despite the acknowledged conflict.
8. Plaintiff was never arraigned in the 17th Circuit Court following bind-over, despite requesting arraignment and not waiving that right.
9. On October 6, 2022, Plaintiff's bond was revoked without a written motion, without notice, and without a hearing.
10. On October 11, 2022, Plaintiff was arrested and incarcerated pursuant to the unlawful bond revocation.
11. Plaintiff remained incarcerated for approximately 90 days.
12. Plaintiff did not receive a bond revocation hearing at any time during his detention.
13. On November 12, 2022, while incarcerated, Plaintiff was visited by a newly appointed attorney, **Damian Nunzio (P47319)**.
14. Plaintiff was denied the right to substitute counsel prior to or during the preliminary examination.
15. During Plaintiff's incarceration, the charges were materially altered to Discharging a Firearm from a Motor Vehicle Causing Injury, without proper arraignment or procedural safeguards.
16. On January 3, 2023, the prosecution dismissed the case by **Nolle Prosequi in the interest of justice**.

## IV. CLAIMS FOR RELIEF

### COUNT I – Unlawful Pretrial Detention (Fourteenth Amendment – §1983)

1. Defendants detained Plaintiff without lawful process, bond revocation hearing, or findings, in violation of due process.

### COUNT II – Failure to Arraign (Fourteenth Amendment – §1983)

1. Defendants failed to arraign Plaintiff in Circuit Court after bind-over, depriving him of notice, bond review, and due process.

### COUNT III – Denial of Conflict-Free Counsel (Sixth Amendment – §1983)

1. Defendants knowingly forced Plaintiff to proceed with conflicted counsel, violating his Sixth Amendment rights.

### COUNT IV – Malicious Prosecution (Fourth and Fourteenth Amendments – §1983)

1. Defendants continued prosecution without probable cause and with reckless disregard for Plaintiff's rights, which terminated in Plaintiff's favor.

### COUNT V – False Imprisonment (Michigan Law – Supplemental Jurisdiction)

1. Defendants unlawfully restrained Plaintiff without legal authority.

## V. MONELL LIABILITY (Against Kent County)

1. Plaintiff's injuries resulted from Kent County's policies, customs, or failures to train and supervise regarding bond revocations, arraignments, and detention procedures.

## VI. DAMAGES

1. Plaintiff suffered loss of liberty, emotional distress, reputational harm, and economic damages.
2. Plaintiff seeks compensatory damages, punitive damages against individual defendants, and attorney fees under 42 U.S.C. § 1988.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Judgment in his favor; B. Compensatory damages in excess of \$300,000; C. Punitive damages against individual defendants; D. Declaratory relief; E. Costs and fees; F. Any other relief the Court deems just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**Kevin Bowman Jr**
Plaintiff, Pro Se
6357 Wainscot Dr Se
Grand Rapids , Mi 49546
[616-289-4958
moneykevo811@gmail.com